**William Scott MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14089.**

Court of Appeals of Texas, Austin.

May 23, 1984.

Jim Coronado, Austin, for appellant.

Margaret Moore, County Atty., Les de Graffenried, Asst. County Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

William Scott Moore appeals from the order of the county court committing him to the Austin State Hospital, a mental health facility, for in-patient mental health care services for a period not to exceed ninety days. Tex.Rev.Civ.Stat.Ann. art. 5547–50 (Supp.1984). We will affirm the order.

In his sole point of error, Moore contends that the evidence is insufficient to support the court's order. Article 5547–50 provides as follows:

> (a) If upon the hearing on an Application for Court-Ordered Temporary Mental Health Services the judge or jury fails

to find, on the basis of clear and convincing evidence, that the person is mentally ill and meets the criteria for court-ordered mental health services, the court shall enter its order denying the application and shall order the immediate release of the person if he is not at liberty.

(b) Upon the hearing, the judge or the jury, if one has been requested, shall determine that the person requires court-ordered mental health services only if it finds, on the basis of clear and convincing evidence, that:

(1) the person is mentally ill; and

(2) as a result of that mental illness the person:

(i) is likely to cause serious harm to himself; or

(ii) is likely to cause serious harm to others; or

(iii) will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently and is unable to make a rational and informed decision as to whether or not to submit to treatment.

(c) The clear and convincing evidence must include expert testimony and, unless waived, evidence of either a recent overt act or a continuing pattern of behavior in either case tending to confirm the likelihood of serious harm to the person or others or the person's distress and deterioration of ability to function.

At the commitment hearing a psychiatrist at the Austin State Hospital testified that he examined appellant and diagnosed him as mentally ill, and suffering from a dysthymic disorder, which is chronic mood disturbance, as well as a bleeding ulcer, low hemoglobin levels, and a urinary tract infection. He further testified that appellant had "paranoid ideations," and had mentioned that he was sent to Austin State Hospital to be killed, and had refused necessary blood transfusions. He further testified that as a result of his mental illness appellant, if not treated, would continue to suffer severe and abnormal mental, emo-

tional, or physical distress and deterioration of his ability to function independently, the likelihood of which tended to be confirmed by appellant's continuing behavior pattern of denying his physical problems.

A social worker at Austin State Hospital testified that she had observed appellant. She testified that persons at Woodridge Nursing Home reported that appellant had attempted to commit suicide there by hanging himself, had crammed sheets down his throat in order to vomit, and had turned the heater on in his room in order to get a fever in order to go to the hospital. She testified that persons at Brackenridge Hospital had reported that appellant was "hostile and demanding" with Brackenridge staff, and that nurses at Austin State Hospital reported that appellant had temper outbursts, had refused various nursing care procedures, including the blood transfusion, and had thrown bedside table utensils around his room.

Appellant predicates his argument that the evidence is insufficient on the fact that evidence of his alleged suicide attempts, and acts of stuffing sheets down his throat and throwing utensils is hearsay and "no evidence." However, art. 5547–48(d) (Supp.1984) provides that "[t]he Rules of Evidence applicable in civil litigation shall govern the [commitment] proceedings except where inconsistent with this code." Texas R.Ev. 802 (Supp.1984) became effective September 1, 1983, one day before the State filed its application for court-ordered temporary mental health services, and eleven days before the commitment hearing. That rule provides that "[i]nadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." The hearsay evidence referred to above was admitted without objection. Together with non-hearsay evidence, this evidence was sufficient to allow the court to find that appellant was mentally ill, and that as a result of the mental illness appellant is likely to cause serious harm to himself. These findings are supported by clear and convincing evidence, including expert testimony. The evidence

of appellant's attempted suicide and other acts is evidence of recent overt acts and a continuing pattern of behavior tending to confirm the likelihood of this serious harm. The evidence is also sufficient to support findings that appellant met the commitment criteria stated in art. 5547–50(b)(2)(iii). Appellant's point of error is overruled and the order of commitment is affirmed.